883 F.2d 1027
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
J. FILIBERTO SANITATION, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1148.
 United States Court of Appeals, Federal Circuit.
 July 21, 1989.
 
 Before NIES, and PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 J. Filiberto Sanitation, Inc. (Filiberto) appeals from the summary judgment of the Veterans Administration Board of Contract Appeals denying a price adjustment in contract number V604P-1791. We affirm.
 
 OPINION
 
 2
 Filiberto requested a price adjustment based on commercial impracticability. The Board granted summary judgment denying this claim because, inter alia, the event causing the increased cost to the contractor was foreseeable and the contractor assumed the risk of the price increase.
 
 
 3
 Summary judgment is properly granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed.Cir.1987). "The moving party bears the burden of establishing the absence of any genuine issue of material fact and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. However, the party opposing summary judgment must show an evidentiary conflict on the record; mere denials or conclusory statements are not sufficient." Id. at 1390-91 (citations omitted).
 
 
 4
 In support of the position that the increase in disposal rates was foreseeable, the government provided the Board with a copy of a newspaper article, published before Filiberto accepted the contract extension, concerning a "garbage crisis" facing five New Jersey counties which specifically mentioned that the landfill used by Filiberto was due to close and that the landfill had requested that its disposal rate be increased. In a letter to the contracting officer, Filiberto acknowledged that the problems faced by the landfill had received publicity by the media.
 
 
 5
 Filiberto argues that there are material facts in dispute with respect to the foreseeability holding. The entirety of the evidence proffered by Filiberto consists of an affidavit by its office supervisor. That affidavit explains that there was a rate increase for dumping and states: "[t]he foregoing changes and payment schedules ... were certainly not contemplated when [Filiberto] bid on the contract in 1986." We agree with the Board that this single conclusory statement is insufficient to show an evidentiary conflict on the record. Summary judgment was therefore properly granted. See Mingus, 812 F.2d at 1390-91.